**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CURTIS SAUNDERS, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br> vs.<br><br>SUNRUN, INC., a Delaware corporation,<br><br>    Defendant. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT defendant Sunrun Inc. ("Defendant" or "Sunrun"), by and through its counsel, Kelley Drye & Warren LLP, respectfully request that the above-captioned action (the "Action") be removed from the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "Cook County Circuit Court") to the United States District Court for the Northern District of Illinois, Eastern Division under 28 U.S.C. § 1441(a) on the grounds of federal question jurisdiction, 28 U.S.C. § 1331. In support of this Notice of Removal, Sunrun alleges as follows:

**BACKGROUND**

1. This Action was commenced by Plaintiff Curtis Saunders ("Plaintiff" or "Curtis") on or about April 2, 2019, by the filing of the Class Action Complaint (the "Complaint") in *Curtis Saunders v. Sunrun, Inc.*, Case No. 2019CH04252, in the Cook County Circuit Court. True and correct copies of all process, pleadings or orders served upon Defendant, are attached to this Notice of Removal as "Exhibit A," as required by 28 U.S.C. § 1446(a). Plaintiff served Sunrun with a copy of the Complaint on April 9, 2019.

2. Plaintiff alleges that Sunrun is liable to Plaintiff and each putative class member for statutory violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* (Compl. ¶¶ 37-41, Count I).

3. Specifically, Plaintiff alleges that Sunrun violated 47 U.S.C. § 227(b)(1)(A)(iii) by purportedly sending unauthorized text messages using an automatic telephone dialing system to Plaintiff and members of the putative class. (*Id.*)

4. Based on the allegations of the Complaint and for the reasons discussed below, Sunrun timely removes this action pursuant to 28 U.S.C. § 1331 (federal question).

**THE NOTICE OF REMOVAL IS TIMELY AND THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

5. On April 9, 2019, Sunrun was served with the Summons and Complaint. (*See* Ex. A).

6. Promptly after filing this Notice of Removal, Sunrun will give written notice of the removal to Plaintiff through its attorneys of record in the Action, as well as to the Clerk of the Cook County Circuit Court, as required by 28 U.S.C. § 1446(d). A copy of that notice is attached hereto as "Exhibit B" (without exhibits).

7. This Action may properly be removed to the United States District Court for the Northern District of Illinois, Eastern Division due to the presence of a federal question pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this District under 28 U.S.C. § 1446(a) because this District embraces the place where the removed action is pending.

9. No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections, and motions are hereby reserved.

Sunrun does not waive, and expressly reserves, all rights to challenge the propriety of certification under the applicable rules.

10. In accordance with 28 U.S.C. § 1446(b), Sunrun is timely filing this Notice of Removal within the 30-day period after having been served with the Complaint. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *see also Save-A-Life Found., Inc. v. Heimlich*, 601 F. Supp. 2d 1005, 1010 (N.D. Ill. 2009) (finding notice of removal timely because "the time for removal is not triggered until a defendant has been served with a copy of the summons"); *see also Collins v. Pontikes*, 447 F. Supp. 2d 895, 899 (N.D. Ill. 2006) (30-day removal clock began to run on date defendant is served with both summons and complaint). Plaintiff served Sunrun on April 9, 2019; accordingly this Notice of Removal is timely.

11. Sunrun has not filed a responsive pleading in the Action commenced by Plaintiff in the Cook County Circuit Court and no other proceedings have transpired in that Action.

## THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S FEDERAL QUESTION PURSUANT TO 28 U.S.C. § 1331

12. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Indeed, a district court has "original jurisdiction" over such claims. *Id.*

13. This Court has original jurisdiction over the Complaint because Plaintiff's claim arises under the laws of the United States, namely the TCPA. (Compl., Count I).

14. On January 18, 2012, the United States Supreme Court issued its decision in *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012), and found, in a unanimous decision, that the TCPA's grant of jurisdiction to state courts does not deprive federal district courts of federal-question jurisdiction over private rights of action with respect to claims arising out of the TCPA. *Id.* at 368; *see also Brill v. Countrywide Home Loans Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005).

15. Accordingly, removal of this action is proper on the sole basis that, pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's claims, and is timely and properly removed by the filing of this Notice.

16. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## CONCLUSION

WHEREFORE, having provided notice as required by law, Sunrun respectfully requests that the above-captioned action be duly removed from Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: May 9, 2019                                            KELLEY DRYE & WARREN LLP


By: */s/Givonna S. Long*
    Givonna S. Long
    333 West Wacker Drive, 26th Fl.
    Chicago, Illinois 60606
    Phone: 312-857-7070
    Fax: 312-857-7095
    *Attorneys for Defendant*
    *Sunrun, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of May 2019, I caused a copy of the foregoing document and accompanying exhibits to be served upon:

**Via electronic filing**

Dorothy Brown
Clerk of the Circuit Court, Cook County
Richard J. Daley Center
50 West Washington - Suite 1001
Chicago, IL 60602

**Via Hand Delivery**

Eugene Y. Turin
Timothy P. Kingsbury
McGuire Law, P.C.
55 W. Wacker Dr., 9th Floor
Chicago, Illinois 60601

*Attorneys for Plaintiff
Curtis Saunders*

Dated:  May 9, 2019                             */s/ Givonna S. Long*
                                                               Givonna S. Long