# Exhibit A

 CT Corporation

**Service of Process Transmittal**
04/09/2019
CT Log Number 535267437

| | |
|---|---|
| **TO:** | Stephen Ladrech<br>Sunrun Inc.<br>595 Market St Ste 2900<br>San Francisco, CA 94105-2842 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Sunrun Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CURTIS SAUNDERS, individually and on behalf of a class of similarly situated individuals, Pltf. vs. SUNRUN, INC., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Memorandum, Attachment(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL<br>Case # 2019CH04252 |
| **NATURE OF ACTION:** | Class Action Complaint: Violation of the Telephone Consumer Protection Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/09/2019 at 15:58 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Timothy P. Kingsbury<br>McGuire Law, P.C<br>55 W. Wacker Dr., 9th Fl.<br>Chicago, IL 60601<br>(312) 893-7002 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780117311439<br><br>Image SOP<br><br>Email Notification,  Jennifer Talcott  jtalcott@sunrun.com<br><br>Email Notification,  Stephen Ladrech  stephen.ladrech@sunrun.com<br><br>Email Notification,  Kelley Molton  kelley.molton@sunrun.com<br><br>Email Notification,  Allie Gaude  allie.gaude@sunrun.com<br><br>Email Notification,  RJ Pallari  richard.pallari@sunrun.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of  1 / RK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Courtroom Number:
Location:

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (06/28/18) CCG 0001 |

FILED
4/3/2019 4:29 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04252

FILED DATE: 4/3/2019 4:29 PM   2019CH04252

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Curtis Saunders, individually and for a Class

(Name all parties)

v.

Suntun, Inc.

Case No. **2019-CH-04252**

c/o C T Corporation System
208 S. LaSalle St.
Suite 814
Chicago, IL 60604

☑ **SUMMONS** ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

4/3/2019 4:29 PM DOROTHY BROWN

Witness: _____

Atty. No.: 56618

Atty Name: Timothy P. Kingsbury

Atty. for: Plaintiff

Address: 55 W. Wacker Dr., 9th Fl.

City: Chicago      State: IL

Zip: 60601

Telephone: (312)-893-7002

Primary Email: tkingsbury@mcgpc.com

Secondary Email: eturin@mcgpc.com

Tertiary Email: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois    cookcountyclerkofcourt.org**

FILED DATE: 4/3/2019 4:29 PM   2019CH04252

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Hearing Date: 7/31/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
Cook County, IL

FILED
4/2/2019 12:29 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04252

FILED DATE: 4/2/2019 12:29 PM   2019CH04252

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| CURTIS SAUNDERS, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) |
| *Plaintiff,* | ) No. **2019CH04252** ) |
| v. | ) Hon. ) |
| SUNRUN, INC., a Delaware corporation, | ) ) **JURY TRIAL DEMANDED** |
| *Defendant.* | ) ) |

### CLASS ACTION COMPLAINT

Plaintiff Curtis Saunders ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action complaint against Defendant Sunrun, Inc. ("Sunrun" or "Defendant"), to stop Defendant's practice of sending unauthorized text message advertisements to consumers' cellular telephones, and to obtain redress for those harmed by Defendant's misconduct. Plaintiff alleges as follows based on personal knowledge as to himself and as to his own acts and experiences, and as to all other matters, on information and belief, including an investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.      Defendant is a national retailer and servicer of residential solar power systems.

2.      In a misguided attempt to promote solar power products and services, Defendant engaged in an invasive and unlawful form of marketing: sending unauthorized text message advertisements *en masse* to consumers' cellphones.

3.      By making these automated text message calls without consumers' prior written consent, Defendant has violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C.

1

FILED DATE: 4/2/2019 12:29 PM 2019CH04252

§ 227 *et seq.*, as well as consumers' privacy rights.

4.     The TCPA and its implementing regulations, 47 C.F.R. § 64.1200 *et seq.*, specifically prohibit companies such as Defendant from sending solicitations to consumers through automated text message calls without their consent.

5.     Defendant's conduct has thus caused actual, concrete harm to Plaintiff and other consumers, not only because they were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited, automated text messages – particularly text messages containing unwanted solicitations – but also because consumers like Plaintiff frequently have to pay their cellphone service providers for the receipt of such text messages, even though the messages were sent without authorization and in violation of federal law.

6.     In order to redress these injuries, Plaintiff, on his own behalf and on behalf of a nationwide class defined below, brings suit against Defendant under the TCPA, which protects consumers' privacy rights and the right to be free from receiving unsolicited voice and text calls to their cellphones.

7.     On his own behalf and on behalf of the members of the putative class defined below, Plaintiff seeks injunctive relief and an award of statutory damages, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

8.     The Court has personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 and in accordance with the Illinois Constitution of the United States, because Defendant is registered to do business within Illinois, is doing business within Illinois, and because a substantial part of the events concerning the conduct at issue occurred in Illinois, as the unauthorized text message advertisements at issue originated from phone numbers utilized by Defendant within

FILED DATE: 4/2/2019 12:29 PM   2019CH04252

Illinois.

9.      Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 because Defendant conducts substantial business in Cook County, maintains an office within Cook County, and because a substantial part of the events concerning the conduct at issue occurred in Cook County, as the unauthorized text message advertisements at issue originated from phone numbers utilized by Defendant within Cook County.

## PARTIES

10.     Plaintiff, Curtis Saunders, is a natural person domiciled in Nevada.

11.     Defendant Sunrun is a Delaware corporation with its principal place of business located in California. Defendant conducts business within Illinois and operates facilities within Cook County.

## COMMON ALLEGATIONS OF FACT

### Background

12.     A relatively inexpensive form of conducting sales marketing involves soliciting consumers through the use of Short Message Services. The term "Short Message Services" or "SMS" describes a messaging system that allows cellphone subscribers to use their cellphones to send and receive short text messages, usually limited to 160 characters.

13.     An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is received, the recipient's cellphone rings or makes a sound, alerting the recipient that a text message call has been received.

14.     SMS calls, and particularly automated unauthorized text message advertisements, are unlike more conventional advertisements, because they are sent directly to the recipient's

3

personal cellphone, creating an annoying and aggravating interruption that is distracting, wastes the recipient's time, and invades the recipient's privacy.

15.     Moreover, in contrast to regular forms of advertising that are paid for solely by the advertiser, SMS calls can actually cost their recipients money, because cellphone users like Plaintiff have to pay their respective wireless service providers either for each text message call they receive, incur a usage allocation deduction to their text messaging plan, or pay a fixed or variable usage fee regardless of whether or not the message was authorized.

16.     Accordingly, Congress enacted the TCPA to prevent unsolicited advertising calls to consumers' cellphones. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

17.     The TCPA's ban on unsolicited automated calls has been interpreted to extend to automated text messages sent to cellular telephones.

<u>**Allegations Specific to Plaintiff**</u>

18.     Defendant sells residential solar-power systems throughout the United States.

19.     In an attempt to promote its solar services and products, Defendant places advertisements *en masse* to consumers' cellphones through automated text message calls.

20.     In October 2018, Plaintiff contacted Defendant for information about its products and services.

21.     Shortly thereafter, Plaintiff informed Defendant that he did not consent to receiving any text message communications from Defendant.

22.     Nonetheless, on February 26, 2019, Plaintiff received a non-personalized text message advertisement (appearing below as **Figure 1**) which advertised Defendant's solar

4

products and services:

FILED DATE: 4/2/2019 12:29 PM    2019CH04252





**(Figure 1)**

23.     On March 22, 2019, Plaintiff received another non-personalized text message advertisement (appearing below as **Figure 2**) which advertised Defendant's solar products and services:



5

FILED DATE: 4/2/2019 12:29 PM 2019CH04252

**(Figure 2)**

24.     Plaintiff received numerous other text message advertisements from Defendant after specifically communicating his request to not receive such messages.

25.     Defendant sent the generic text message advertisements received by Plaintiff through the use of an automatic telephone dialing system.

26.     The text message advertisements referenced above were unauthorized and sent without Plaintiff's express written consent in violation of the TCPA.

27.     The unauthorized text messages Plaintiff received caused actual, concrete injuries, not only because the messages were sent in violation of the TCPA, but also because they invaded Plaintiff's privacy and interfered with his unrestricted use of his cellphone.

## CLASS ALLEGATIONS

28.     Plaintiff brings this action on behalf of himself and a national Class defined as: All persons in the United States and its Territories who, within the last four years, received one or more text message advertisements from Defendant on their cellular telephone after communicating to Defendant that it did not have consent to send text messages to that telephone number.

29.     Expressly excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer, director, or employee of Defendant, and any immediate family members of such officers, directors, or employees.

30.     Upon information and belief, the Class contains hundreds, if not thousands, of members such that joinder of all members is impracticable.

31.     Plaintiff will fairly and adequately represent and protect the interests of the other Class members. Plaintiff has retained counsel with substantial experience in prosecuting complex

litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other Class members, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other Class members.

32.    Plaintiff's claims are typical of the claims of the other Class members in that the factual and legal bases of Defendant's liability to Plaintiff and to the other Class members are the same. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

33.    There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a)    Whether Defendant sent one or more text message advertisements to members of the Class;

(b)    Whether Defendant systematically continued to transmit automated text message advertisements to individuals who communicated to Defendant that they did not consent to receive such text messages from Defendant;

(c)    Whether Defendant used an automatic telephone dialing system to transmit the text message advertisements at issue;

(d)    Whether Defendant's conduct violated Plaintiff's and the Class members' respective rights to privacy;

(e)    Whether Defendant's conduct was willfully in violation of the TCPA such that the members of the Class are entitled to treble damages;

(f)    Whether Defendant should be enjoined from engaging in such conduct in the future.

7

FILED DATE: 4/2/2019 12:29 PM   2019CH04252

34.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other Class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

35.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)
### On behalf of Plaintiff and the Class

36.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37.     Defendant sent unsolicited and unauthorized text message advertisements using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class after Plaintiff and the members of the Class communicated to Defendant that it did not have consent to send such messages.

38.     These text messages calls were automatically generated and sent *en masse* to lists of telephone numbers using equipment that had the capacity at the time the text messages were sent to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

39.     Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

40.     As a result of Defendant's illegal conduct, Plaintiff and the members of the Class

8

FILED DATE: 4/2/2019 12:29 PM   2019CH04252

have had their privacy rights violated, have suffered actual and statutory damages and, under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

41.     To the extent Defendant knew or should have known that it did not have Plaintiff's and the Class members' express written consent to be sent the text message advertisements at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount for statutory damages recoverable by Plaintiff and members of the Class.

WHEREFORE, Plaintiff, on behalf of himself and the Class, requests the following relief:

A.     An order certifying the Class as defined above;

B.     An award of the greater of actual or statutory damages;

C.     An injunction requiring Defendant to cease all unauthorized test messaging activities;

D.     Pre-judgment interest from the date of filing this suit;

E.     An award of reasonable attorneys' fees and costs; and

F.     Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 2, 2019                    Respectfully submitted,

CURTIS SAUNDERS,
individually and on behalf of
similarly situated individuals,

/s/ Timothy P. Kingsbury
One of Plaintiff's Attorneys

Myles McGuire
Eugene Y. Turin
Timothy P. Kingsbury

9

FILED DATE: 4/2/2019 12:29 PM   2019CH04252

MCGUIRE LAW, P.C (Firm ID 56618)
55 W. Wacker Dr., 9th Fl.
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
eturin@mcgpc.com
tkingsbury@mcgpc.com

*Attorneys for Plaintiff and the putative Class*

Courtroom Number:
Location:

FILED
4/3/2019 4:29 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04252

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 4/3/2019 4:29 PM  2019CH04252

|  |  |  |
|---|---|---|
| CURTIS SAUNDERS, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff,* | ) ) | No. 19-CH-04252 |
| v. | ) ) | Hon. Neil H. Cohen |
| SUNRUN, INC., a Delaware corporation, | ) ) | |
| *Defendant.* | ) ) ) | |

Hearing Date: 7/31/2019 10:00 AM - 10:

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on July 31, 2019, at 9:30 am, or as soon thereafter as counsel may be heard, I shall appear before Judge Neil H. Cohen, or any other judge presiding in his stead in room 2308, in the Richard J. Daley Center, 50 West Washington, Chicago Illinois, and shall then and there move the Court in accordance with *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.*

Dated: April 3, 2019

Respectfully submitted,

CURTIS SAUNDERS,
individually and on behalf of
similarly situated individuals,

/s/ Timothy P. Kingsbury
One of Plaintiff's Attorneys

Myles McGuire
Eugene Y. Turin
Timothy P. Kingsbury
McGuire Law, P.C (Firm ID 56618)
55 W. Wacker Dr., 9th Fl.
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
eturin@mcgpc.com
tkingsbury@mcgpc.com

*Attorneys for Plaintiff and the putative Class*

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* and a copy of the foregoing *Notice of Motion* will be served upon Defendant's Registered Agent.

Dated: April 3, 2019                                    /s/ Timothy P. Kingsbury

FILED DATE: 4/3/2019 4:29 PM   2019CH04252

2

Courtroom Number:
Location:

FILED
4/3/2019 4:29 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04252

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 4/3/2019 4:29 PM    2019CH04252

| | |
|---|---|
| CURTIS SAUNDERS, individually and on behalf of a class of similarly situated individuals, ) ) ) ) | |
| *Plaintiff,* ) | No.  19-CH-04252 |
| ) | |
| v. ) | Hon. Neil H. Cohen |
| ) | |
| SUNRUN, INC., a Delaware corporation, ) | |
| ) | |
| *Defendant.* ) ) | Hearing Date: 7/31/2019 10:00 AM - 10:0( |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

Plaintiff Curtis Saunders, through counsel, pursuant to 735 ILCS 5/2-801, moves for entry

of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and

appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the

Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the

Court defer consideration of this Motion pending a reasonable period to complete discovery. *See,*

*e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–

43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011)). In support of his

Motion, Plaintiff submits the following Memorandum of Law.

Dated: April 3, 2019                         Respectfully Submitted,

                                             CURTIS SAUNDERS,
                                             individually and on behalf of
                                             similarly situated individuals,
                                             /s/ Timothy P. Kingsbury
                                             One of Plaintiff's Attorneys

                                             Myles McGuire
                                             Eugene Y. Turin

FILED DATE: 4/3/2019 4:29 PM   2019CH04252

Timothy P. Kingsbury
MCGUIRE LAW, P.C (Firm ID 56618)
55 W. Wacker Dr., 9th Fl.
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
eturin@mcgpc.com
tkingsbury@mcgpc.com

*Attorneys for Plaintiff and the putative Class*

FILED DATE: 4/3/2019 4:29 PM   2019CH04252

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
## FOR CLASS CERTIFICATION OR, ALTERNATIVELY,
## <u>FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY</u>

This Court should certify a national class of cellular telephone consumers who received unauthorized text messages from Defendant Sunrun, Inc. ("Defendant"). As part of an effort to promote its solar services, Defendant violated federal law by transmitting, *en masse*, unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers across the country. After receiving such unauthorized text message advertisements from Defendant, Plaintiff Saunders brought suit on behalf of a nationwide class, alleging that Defendant's misconduct violates the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

### <u>THE TCPA</u>

"In enacting the TCPA [in 1991], Congress noted the nuisance of rampant telemarketing and the consequent costs of money, times, and the invasion of privacy to consumers." *See Abbas v. Selling Source, LLC*, No. 09CV3413, 2009 WL 4884471, at *7 (N.D. Ill. Dec. 14, 2009) (internal citations omitted); *see also Mims v. Arrow Fin. Servs.*, 132 S. Ct. 740, 744 (2012); *Lozano v. Twentieth Century Fox*, 702 F. Supp. 2d 999, 1008 (N.D. Ill. 2010). Consequently, the TCPA prohibits parties from making:

> Any call (other than a call made for emergency purposes *or made with the prior express consent express consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii)(emphasis added).

The Federal Communications Commission—which, under 47 U.S.C. § 227(b)(2), is required to "prescribe regulations to implement the requirements" of the TCPA—has made clear

that the transmission of text messages falls under the purview of the TCPA. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14115, 2003 WL 21517853 (2003) (ruling that the TCPA prohibition on unsolicited calls "encompasses both voice calls and text call to wireless numbers including, for example, short message service (SMS) calls provided the call is made to a telephone number assigned to such service.")

While the TCPA has always required prior express consent before sending automatic text messages, as of October 16, 2013, the TCPA requires that companies such as Defendant have "prior express written consent for all telephone calls using an automatic telephone dialing system . . . to deliver a telemarketing message to wireless numbers[.]" *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC Report and Order, CG Docket No. 02-278,* at ¶ 20 (Feb. 15, 2012).

The TCPA sets statutory damages in the amount of $500.00 per violation, with an allowance for trebling. *See* 47 U.S.C. § 227(b)(3)(B-C).

## **THE FACTS**

Typical of most actions brought under the TCPA, the facts in this case are relatively straightforward. Defendant is a national retailer and servicer of residential solar power systems. (Complaint, ¶ 1). In October 2018, Plaintiff contacted Defendant to inquire about its business and products. In this course of this initial contact, Plaintiff informed Defendant that he did not consent to receive advertising text messages from Defendant. (*Id.* ¶ 20). Nonetheless, Defendant and its agents have caused the transmission of non-personalized advertising text messages to his cellular phone on multiple occasions. (*Id.* ¶ 22–24).

FILED DATE: 4/3/2019 4:29 PM 2019CH04252

4

FILED DATE: 4/3/2019 4:29 PM   2019CH04252

To place these calls, Defendant and its agents employed certain technology allowing for the bulk transmission of text messages—equipment that the FCC has found to be an "automatic dialing system" subject to the provisions of the TCPA. (*Id.* ¶ 25). As such, Defendant's text message advertisements to individuals without their consent were sent without authorization in violation of the TCPA. (*Id.* ¶ 27).

### *The Proposed Class*

Plaintiff seeks to represent one nationwide Class defined as: All persons in the United States and its Territories who, within the last four years, received one or more text message advertisements from Defendant on their cellular telephone after communicating to Defendant that it did not have consent to send text messages to that telephone number.

As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## ARGUMENT

### A.     Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should

FILED DATE: 4/3/2019 4:29 PM  2019CH04252

accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378

Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the

maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure,

which provides:

> An action may be maintained as a class action in any court of this State and a party
> may sue or be sued as a representative party of the class only if the court finds:
>
> (1)   The class is so numerous that joinder of all members is
>       impracticable.
> (2)   There are questions of fact or law common to the class, which
>       common questions predominate over any questions affecting only
>       individual members.
> (3)   The representative parties will fairly and adequately protect the
>       interest of the class.
> (4)   The class action is an appropriate method for the fair and efficient
>       adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the

Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal

decisions interpreting Rule 23 are persuasive authority with regard to questions of class

certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (2005).

Circuit courts have broad discretion in determining whether a proposed class meets the

requirement for class certification and ought to err in favor of maintaining class certification.

*Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring

further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have

found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard

RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties

have yet to fully develop the facts needed for certification, then they can also ask the district court

to delay its ruling to provide time for additional discovery or investigation") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.     The Numerosity Requirement is Satisfied.**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 586 N.E.2d 461, 464 (Ill. App. Ct. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 371 N.E.2d 634, 642–43 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members, but must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are hundreds, thousands, of members of the Class. (Complaint, ¶ 30). Because definitive evidence of numerosity can only come from the records of Defendant and/or its agents, it is proper to rely upon the allegations of the operative Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). In this case, the allegations of the Complaint, as well as common sense based on Defendant's practices, adequately

FILED DATE: 4/3/2019 4:29 PM   2019CH04252

demonstrate numerosity. The nature of Defendant's business is such that these text messages advertisements are sent in bulk to reach the widest possible audience of potential customers, and Defendant and its agents' use of generic, non-personalized messages to advertise Defendant's services underscores the fact that these messages were sent *en masse* using equipment that allowed for mass transmission of wireless spam to a list of cellular telephone numbers (Complaint, ¶ 19).

Additionally, the members of the putative Class here can be easily and objectively identified from the records of Defendant, its agents, and telephone carriers, once those records are produced. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout the nation, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 586 N.E.2d at 464. Accordingly, the first prerequisite for class certification is met.

### C.    Common Questions of Law and Fact Predominate.

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 428 N.E.2d 478, 483 (Ill. 1981); *Steinberg*, 371 N.E.2d at 644-45. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 472 N.E.2d 883, 885-86 (Ill. App. Ct. 1984).

While common issues must predominate, they "need not be exclusive." *Maxwell v. Arrow Fin. Servs., LLC*, No. 03-cv-1995, 2004 WL 719278, at *5 (N.D. Ill. Mar. 31, 2004); *Pleasant v. Risk Mgmt. Alternatives, Inc.*, No. 02-cv-6886, 2003 WL 22175390, at *5 (N.D. Ill. Sept. 19, 2003)

8

FILED DATE: 4/3/2019 4:29 PM 2019CH04252

(certifying class where "the central factual inquiry will be common to all" the class members); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 242 (N.D. Ill. 2001) (finding predominance met where liability is predicated on the same legal theory and the same alleged misconduct). Class certification is proper even if there may be some possibility that "separate proceedings of some character will be required to determine the entitlements of the individual class members to relief." *Carnegie v. Household Int'l Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). In fact, common legal and factual issues have been found to predominate in other TCPA class actions where the class members' claims arose under the TCPA and where the claims focused on the same course of conduct by the defendants. *See, e.g., CE Design v. Beaty Const., Inc.*, 07-CV-3340, 2009 WL 192481, at *5 (N.D. Ill. Jan. 26, 2009); *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292, 294–95 (N.D. Cal. 2013).

Here, the members of the Class' claims arise out of the same activity by Defendant, are based on the same legal theory, and implicate the following common issues: whether Defendant sent text message advertisements to the cellular phones of persons who requested not to be sent text messages; whether those text message calls were sent using equipment that constituted an automatic telephone dialing system; whether the text messages violated the TCPA; whether Defendant's unauthorized conduct was willful; and whether Defendant should be enjoined from engaging in such conduct.

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by sending, or causing to be sent via its agents, hundreds or thousands of nearly identical messages to a pre-determined list of phone numbers over a limited time period without the express written consent of the Class members. *See Kavn v. Omnipak Corp.*, 246 F.R.D. 642, 647 (W.D. Wash. 2007) (finding commonality satisfied where defendant engaged in in a

common course of conduct by obtaining a list of fax numbers in the same way and sending the same fax to all recipients on the list in a short amount of time in an effort to generate business); *CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135, 141 (N.D. Ill. 2009). Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this low hurdle to certification.

### D.  Adequate Representation.

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 428 N.E.2d at 482; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 574 N.E.2d 760, 763 (Ill. App. Ct. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 530 N.E.2d 994, 1000 (Ill. App. Ct. 1988); *Gordon*, 586 N.E.2d at 466.

In this case, Plaintiff has the same interests as the proposed Class members—all have allegedly received unauthorized text message advertisements from Defendant after requesting that Defendant not send them text messages—and his pursuit of this matter demonstrates that he will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation, and has extensive experience in consumer class action lawsuits involving telephone technology. (*See* Declaration of Timothy P. Kingsbury, attached hereto, ¶ 5). Proposed class counsel also has an in-depth knowledge of the substantive law at issue in this case,

FILED DATE: 4/3/2019 4:29 PM  2019CH04252

FILED DATE: 4/3/2019 4:29 PM   2019CH04252

having been involved in other TCPA class actions. (*Id.*) Further, Plaintiff's counsel has been appointed as class counsel in several complex consumer class actions, including similar TCPA class actions. *See, e.g., Murray et al. v. Bill Me Later, Inc.*, (N.D. Ill. 2014); *Stonebridge*, 289 F.R.D. 292; *In re Citibank HELOC Reduction Litig.*, 09-CV-0350-MMC (N.D. Cal.). Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

## E.     Fair and Efficient Adjudication of the Controversy.

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 586 N.E.2d at 467. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 586 N.E.2d at 467; *Purcell & Wardrope Chtd*, 530 N.E.2d at 1001 ("the predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of consumer protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and

11

FILED DATE: 4/3/2019 4:29 PM   2019CH04252

individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. Here, absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and multiple individual actions would judicially inefficient.

Certification of the proposed Class is necessary to ensure that consumers cease being harassed by unauthorized SMS messages and also to compensate those individuals who have had their statutorily-protected privacy rights violated and/or who have wrongfully been charged money for such SMS messages. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly cease sending unauthorized SMS messages. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## CONCLUSION

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Therefore, Plaintiff respectfully requests that the Court enter an order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing Myles McGuire, Eugene Y. Turin, and Timothy P. Kingsbury of McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable and just. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: April 3, 2019

Respectfully submitted,

CURTIS SAUNDERS,
individually and on behalf of
similarly situated individuals,

By: /s/ Timothy P. Kingsbury
    One of Plaintiff's Attorneys

Myles McGuire

FILED DATE: 4/3/2019 4:29 PM 2019CH04252

Eugene Y. Turin
Timothy P. Kingsbury
McGuire Law, P.C (Firm ID 56618)
55 W. Wacker Dr., 9th Fl.
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
eturin@mcgpc.com
tkingsbury@mcgpc.com

*Attorneys for Plaintiff and the putative Class*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

<table>
<tr><td>CURTIS SAUNDERS, individually and<br>on behalf of a class of similarly situated<br>individuals,</td><td>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td style="text-align:center"><em>Plaintiff,</em></td><td>)<br>)</td><td>No. 19-CH-04252</td></tr>
<tr><td style="text-align:center">v.</td><td>)<br>)</td><td>Hon. Neil H. Cohen</td></tr>
<tr><td>SUNRUN, INC., a Delaware corporation,</td><td>)<br>)</td><td></td></tr>
<tr><td style="text-align:center"><em>Defendant.</em></td><td>)<br>)</td><td></td></tr>
</table>

## DECLARATION OF TIMOTHY P. KINGSBURY

I, Timothy P. Kingsbury, hereby aver, pursuant to 735 ILCS 5/1-109, that I have personal knowledge of all matters set forth herein unless otherwise indicated and would testify thereto if called as a witness in this matter.

1. I am an adult over the age of 18 and a resident of the State of Illinois.

2. I am fully competent to make this Declaration and I do so in support of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.

3. I am an attorney with the law firm McGuire Law, P.C. I am licensed to practice law in the State of Illinois, and I am one of the attorneys representing Plaintiff in this matter.

4. McGuire Law, P.C. is a litigation firm based in Chicago, Illinois that focuses on class action litigation, representing clients in both state and federal trial and appellate courts throughout the country.

5. The attorneys of McGuire Law, P.C. have regularly engaged in complex litigation on behalf of consumers and have extensive experience prosecuting class action lawsuits similar in

FILED DATE: 4/3/2019 4:29 PM 2019CH04252

FILED DATE: 4/3/2019 4:29 PM   2019CH04252

size and complexity to the instant case. I and/or attorneys at my firm have served as class counsel in numerous complex consumer class actions. *See, e.g.*, *Shen et al v. Distributive Networks, Inc.* (N.D. Ill. 2007); *McFerren et al v. AT&T Mobility, LLC* (Sup. Ct. Fulton County, Ga. 2008); *Gray et al v. Mobile Messenger Americas, Inc. et al* (S.D. Fla. 2008); *Gresham et al v. Keppler & Associates, LLC et al* (Sup. Ct. Los Angeles County, Cal. 2008); *Weinstein et al v. The Timberland Co., et al* (N.D. Ill. 2008); *Sims et al v. Cellco Partnership et al* (N.D. Cal. 2009); *Van Dyke et al v. Media Breakaway, LLC et al* (S.D. Fla. 2009); *Paluzzi, et al v. mBlox, Inc., et al* (Cir. Ct. Cook County, Ill. 2009); *Valdez et al v. Sprint Nextel Corporation* (N.D. Cal. 2009); *Parone et al v. m-Qube, Inc. et al* (Cir. Ct. Cook County, Ill. 2010); *Satterfield et al v. Simon & Schuster* (N.D. Cal. 2010); *Espinal et al v. Burger King Corporation et al* (S.D. Fla. 2010); *Lozano v. Twentieth Century Fox* (N.D. Ill. 2011); *Williams et al v. Motricity, Inc. et al* (Cir. Ct. Cook County, Ill. 2011); *Walker et al v. OpenMarket, Inc. et al* (Cir. Ct. Cook County, Ill. 2011); *Schulken at al v. Washington Mutual Bank, et al* (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation* (N.D. Cal 2012); *Kramer et al v. Autobytel et al* (N.D. Cal. 2011); *Rojas et al v. Career Education Co.* (N.D. Ill. 2012); *Ellison et al v. Steven Madden, Ltd.* (C.D. Cal. 2013); *Robles et al v. Lucky Brand Dungarees, Inc. et al* (N.D. Cal. 2013); *Pimental et al v. Google, Inc. et al* (N.D. Cal. 2013); *In re Jiffy Lube Spam Text Litigation* (S.D. Cal. 2013); *Lee et al v. Stonebridge Life Ins. Co. et al* (N.D. Cal. 2013); *Gomez et al v. Campbell-Ewald Co.* (C.D. Cal. 2014); *Murray et al v. Bill Me Later, Inc.*, 12-cv-4789 (N.D. Ill. 2014); *Valladares et al v. Blackboard, Inc.* (Cir. Ct. Cook County, Ill. 2016); *Hooker et al v. Sirius XM Radio, Inc.* (E.D. Va. 2016); *Seal et al v. RCN Telecom Servs., LLC* (Cir. Ct. Cook County, Ill. 2017); *Manouchehri, et al v. Styles for Less, Inc., et al* (S.D. Cal. 2017); *Vergara et al v. Uber Technologies, Inc.* (N.D. Ill. 2017); *Flahive et al v. Inventurus Knowledge Solutions, Inc.* (Cir. Ct. Cook County 2017); *Kovach et al v. Compass Bank*

FILED DATE: 4/3/2019 4:29 PM   2019CH04252

(Cir. Ct. Jefferson County, AL 2018); *Zepeda et al v. Intercontinental Hotels Group, Inc.* (Cir. Ct. Cook County, Ill. 2018).

      6.     I am a graduate of the University of Illinois College of Law. I have been practicing law since 2018 and have been admitted to practice in the Illinois Supreme Court.

      7.     McGuire Law, P.C. has diligently investigated the facts and claims in this matter and will continue to diligently investigate and prosecute this matter. McGuire Law, P.C. has also dedicated substantial resources to this matter and will continue to do so. McGuire Law, P.C. has the financial resources necessary to fully prosecute this action through trial and to provide the necessary and appropriate notice to the class members should this proposed class be certified.

      I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 3, 2019 in Chicago, Illinois.

*/s/* Timothy P. Kingsbury
